**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: |
|---|---|
| Name (under which you were convicted): Corrie Joyner | Docket or Case No.: 07-494 |
| Place of Confinement: Delaware Correctional Center 1181 Paddock Road - Smyrna, DE 19977 | Prisoner No.: 333767 |
| Petitioner (include the name under which you were convicted) CORRIE JOYNER | v. Respondent (authorized person having custody of petitioner) WARDEN THOMAS CARROLL |
| The Attorney General of the State of Delaware | |

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
Superior Court - New Castle County
New Castle County Courthouse
500 N. King Street
Wilmington, DE 19801
(b) Criminal docket or case number (if you know): Cr. A. Nos. IN02-03-0668RI, and IN02-03-0669RI

2. (a) Date of the judgment of conviction (if you know): February 14, 2003
(b) Date of sentencing: April 25, 2006

3. Length of sentence: Life and 3 years.

4. In this case, were you convicted on more than one count or of more than one crime? ☒ Yes ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case: Murder 1st Degree, and Possession of Deadly Weapon During Commission of Felony.

6. (a) What was your plea? (Check one)
☒ (1) Not guilty ☐ (3) Nolo contendere (no contest)
☐ (2) Guilty ☐ (4) Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes ☒ No

8. Did you appeal from the judgment of conviction?

☐ Yes ☒ No

9. If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court? ☐ Yes ☒ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☒ Yes ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Superior Court - New Castle County

(2) Docket or case number (if you know): I.D. #0202014548

(3) Date of filing (if you know): April 19, 2006

(4) Nature of the proceeding: Post Conviction

(5) Grounds raised: Ineffective Assistance of Counsel

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☒ No

(7) Result: Petition Denied

(8) Date of result (if you know): August 7, 2006

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: N/A

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❒ Yes ❒ No

(7) Result:

(8) Date of result (if you know):

(c) If you filed any third petition, applieation, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: ☒ Yes ☐ No

(2) Second petition: ☐ Yes ☐ No

(3) Third petition: ☐ Yes ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** INEFFECTIVE ASSISTANCE OF COUNSEL

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Denied effective assistance of counsel during pre-trial stages. Counsel requested investigate potential witnesses, alert trial court of history of psychological issues. Request independent psychiatric evaluation, trial counsel ignored same. Inspite there may been possible mental issues, which would required not guilty plea be entered from another prospective.

(b) If you did not exhaust your state remedies on Ground One, explain why: Petitoner was housed in Security Housing Unit ("SHU - Amdinistrative Segregation"), lacked physical access to law library. The appeal was filed by by another individual on the street, who filed same in the wrong court. The appeal and brief filed in Superior Court, instead of Delaware Supreme Court. Individuals employed in law library would not assist in preparing appeal. Petitioner lacked knowledge didn't have access too counsel.

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?            ☐  Yes        ☒  No

(2) If you did not raise this issue in your direct appeal, explain why:  Trial counsel stated there was not anything to appeal, and filing would be frivolous.  Petitioner request counsel file appeal, then dismissed because didn't have best interest at heart.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒  Yes      ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post Conviction Reliefe

Name and location of the court where the motion or petition was filed:
Superior Court - New Castle County

Docket or case number (if you know):    I.D. #0202014548

Date of the court's decision:     August 7, 2006

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion or petition?                                   ☐  Yes      ☒  No

(4) Did you appeal from the denial of your motion or petition?                          ☒  Yes      ☐  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒  Yes      ☐  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
Delaware Supreme Court

Docket or case number (if you know):    No. 42, 2007
Date of the court's decision:     May 4, 2007

Result (attach a copy of the court's opinion or order, if available):
Appeal dismissed for failure to timely prosecute.
See:  Exhibit "A"

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Exhibit "A"

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CORRIE JOYNER, | § | |
| | § | No. 42, 2007 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware, in |
| v. | § | and for New Castle County |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | Cr. ID No. 0202014548 |
| Appellee. | § | |

Submitted: March 30, 2007
Decided: May 4, 2007

Before **HOLLAND, BERGER** and **JACOBS,** Justices.

**ORDER**

This 4th day of May 2007, upon consideration of the notice to show cause issued to the appellant, the memorandum in support of dismissal filed by the appellee's counsel, and the appellant's response to the appellee's memorandum, it appears to the Court that:

(1) On January 31, 2007, the *pro se* appellant, Corrie Joyner, filed a notice of appeal from the Superior Court's denial of postconviction relief on August 7, 2006. On its face, Joyner's appeal appeared to be untimely.[1] A notice

[1] *See* Del. Supr. Ct. R. 6(a)(iii) (2007) (providing that a notice of appeal must be filed within thirty days of entry upon the docket of an order in any proceeding for postconviction relief).

of appeal from the Superior Court's August 7, 2006 decision should have been filed on or before September 6, 2006.[2]

(2) On February 2, 2007, the Clerk issued a notice directing that Joyner show cause why the appeal should not be dismissed as untimely.[3] In his response to the notice, Joyner states that he mailed the notice of appeal on or about August 18, 2006, a date that was well within the thirty-day appeal period. Joyner explains that he mailed a second notice of appeal on January 29, 2007, when he realized that the Court must not have received the first notice.[4] In any event, Joyner maintains that the appeal should not be dismissed because the record reflects that the Superior Court Prothonotary received the notice of appeal on September 6, 2006, the last day of the appeal period.

---

[2] *Id.*

[3] Del. Supr.Ct. R. 29(b).

[4] Joyner suggests that he erred when addressing the first notice of appeal, but the address he maintains that he used is a correct mailing address for the Supreme Court's offices in Wilmington where filings are routinely accepted. Del. Supr. Ct. R. 10(a). Joyner mailed his second notice of appeal to the Clerk's Office in Dover.

(3)     Joyner's response is without merit. "Time is a jurisdictional requirement."[5] The Clerk of this Court, or a Deputy Clerk in any county, must receive a notice of appeal within the applicable time period.[6] Filing with the Superior Court Prothonotary within the applicable time period does not constitute compliance with the jurisdictional requirement governing this Court.[7]

(4)     Under Delaware law, the jurisdictional defect that was created by the untimely notice of appeal cannot be excused unless Joyner can demonstrate that the delay in filing is attributable to court-related personnel.[8] It does not

---

[5]*Carr v. State*, 554 A.2d 778, 779 (Del. 1989).

[6]Del. Supr. Ct. R. 6(a), 10(a).

[7]*E.g., Smith v. State*, 2002 WL 31109924 (Del. Supr.) (dismissing untimely notice of appeal that appellant initially filed in error with the Superior Court Prothonotary).

[8]*See Riggs v. Riggs*, 539 A.2d 163, 164 (Del. 1988) (excusing untimely notice of appeal that appellant mistakenly filed with Family Court when actions of Family Court personnel in response to notice of appeal suggested to appellant that appeal was properly filed).

appear that Joyner's case falls within the exception to the general rule that mandates the timely filing of a notice of appeal. Joyner has not demonstrated, and the record does not suggest, that court-related personnel are responsible for the untimely filing of his notice of appeal.

NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rules 6 and 29(b), that the appeal is DISMISSED.

BY THE COURT:

/s/ Carolyn Berger
Justice

83

# IN THE SUPREME COURT OF THE STATE OF DELAWARE

[1] Corrie Joyner,

[2] defendant Below, Appellant,

v.

[3] John S. Edinger ESQ,

[4] counsel Below, Appellee.

No. [5] ______, 200__

FILED PROTHONOTARY
2006 SEP -5 AM 9:28

## NOTICE OF APPEAL

To: [6] Mark W. Bunitsky, 820 N. French St. Wilmington, DE 19801.

PLEASE TAKE NOTICE that [1] Corrie Joyner, [2] defendant below-appellant, does hereby appeal to the Supreme Court of the State of Delaware from the [7] Post-conviction relief of the [8] Superior Court, in and for [9] New Castle County, by [10] Hon. Joseph R. Slights III, dated [11] August 7, 2006, in [12] DEF. ID. [redacted] in that court. A copy of the decision sought to be reviewed is attached hereto. [13]

Form revised 2/26/04
g:\public\forms\notice of appeal

The name and address of the attorney below for appellee is [6] Mark Bunitsky, 820 N. French St. Wilmington, DE 19801 The party against whom the appeal is taken is [3] John S. Edinger III.

The name and address of the attorney below for the party against whom the appeal is not taken is [14] N/A. The party against whom the appeal is not taken is [15] N/A.

PLEASE TAKE FURTHER NOTICE that appellant hereby designates the transcript in accordance with Rules 7(c)(6) and 9(e)(ii) in the following manner:

[16] ______

[or] [17] Do not desire any portion of transcripts to be transcribed

Dated: 8/30/2006

Corrie Joyner
1181 Paddock Road
Smyrna, DE 19977
Name and Address of Appellant

---

[18] ______

Attorney for [1] ______

[2] ______ Below-Appellant

# Certificate of Service

I, Cicero Joyner, hereby certify that I have served a true and correct cop (ies) of the attached: Notice of Appeal upon the following parties/person (s):

TO: [illegible]
[illegible]
[illegible]

TO: Mark Bunitsky, Deputy Attorney General
Attorney General Office
820 N. French St.
Wilmington, DE 19801

TO:

TO:

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

On this 30 day of August, 2006

B3

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:** DENIED DUE PROCESS AND EQUAL PROTECTION OF THE LAW

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Counsel misrepresented facts of the case, failed to call critical witnesses, would not visit crime site, and failed to file appropriate pre-trial motions addressing psychiatric issues. Would not file notice of appeal in Delaware Supreme Court of the conviction, which requested by petitioner.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: Trial counsel stated there wasn't anything to appeal, and appealing would be frivolous. Petitioner dismissed trial counsel after the conviction, but appeal should been filed.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state: Post Conviction Relief

Type of motion or petition:

Name and location of the court where the motion or petition was filed:
Superior court - New Castle County

Docket or case number (if you know): ID # 0202014548

Date of the court's decision: August 7, 2006

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
Delaware Supreme Court

Docket or case number (if you know): No. 42, 2007

Date of the court's decision: May 4, 2007

Result (attach a copy of the court's opinion or order, if available):
See Exhibit "A" [illegible]

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two None

**GROUND THREE:** N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ❐ Yes ❐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❐ Yes ❐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ❐ Yes ❐ No

(4) Did you appeal from the denial of your motion or petition? ❐ Yes ❐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❐ Yes ❐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

Exhibit "B"

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| Corrie Joyner, | ) | DEF.ID:0202014548 |
| Appellant/Defendant, | ) | |
| | ) | |
| V. | ) | Superior Court of the |
| | ) | State of Delaware in |
| | ) | and for New Castle County |
| State of Delaware | ) | Cr. A. Nos.: IN02-03-0668-R1; |
| Appellee/Plantiff, | ) | IN02-03-0669-R1 |
| | ) | |

ON APPEAL FROM THE SUPERIOR COURT
OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

---

APPELLANT'S OPENING BRIEF

Mark Bunitsky
Deputy Attorney General
Department of Justice
Carvel State Building
820 N. French Street
Wilmington, DE 19801

Corrie Joyner #333767
Delaware Correctional Center

1181 Paddock Road
Smyrna, DE 19977

Dated:

Table of Contents

TABLE OF AUTHORITIES.................................................i

NATURE AND STAGE OF THE PROCEEDINGS..........................iv

SUMMARY OF THE ARGUMENTS.......................................vi

STATEMENT OF THE FACTS..............................................xi

ARGUMENTS:

I. Appellant argues that he was denied effective assistance of counsel during the pre-trial stages. Defendant claims counsel failed to investigate the case and prepare for trial, failed to investigate witnesses, failed to alert the Court of his psychiatric history, failed to facilitate a comprehensive psychiatric evaluation prior to trial, failed to submit a motion for an affirmative defense based on his psychiatric records, and failed to raise adequate issues at the suppression hearing.

II. Appellant argues that he was denied effective assistance of counsel during the trial. Defendant claims his counsel failed to call critical witnesses to the stand, and failed to require the prosecution's case to survive the crucible of meaningful adversarial testing. Defendant also states that motions were not made previously because counsel misrepresented to the defendant, the facts of the case.

CONCLUSION............................................................ II

TABLE OF AUTHORITIES

Court Cases Page

Anders v. California, 386 U.S. 738, 743 { 87 S.Ct. 1396, 1399, 18 L.Ed 2d 493} (1967)........................ 22

Anderson v. Butler, 858 F.2d 16, 29 (1st Cir. 1988)................... 20

Arizona v. Fulminate, 111 S.Ct. 1246 (1991)...................... 25

Barker v. Wingo, 407 U.S. 514, 521-22 (1972)..................... 15

Bloom v. Calderon, 132 F.2d 1267 (9th Cir. 1997).................... 13

Brady v. Maryland, 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L Ed. 2d 215 (1963)........................................................ 18

Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194,10 L.Ed.2d 215 (1963)........................................................ 19

Bram v. United States, 168 U.S. 532,542-43, 18 S Ct. 183,187, 42 L.Ed. 568(1897)..................................... 16

Caiglio v. United States, 405 U.S. 150, 153-54, 92 Ct. 763, 76-766, 1 L.Ed. 2d 104 (1972)............................. 18

California v. Trombetta, 467 U.S. 479 (1984)......................... 18

Colorado v. Connelly, 449 U.S. 157, 163, 107 S.Ct. 515, 519 (1986)................................................. 24

Colorado v. Connelly, 479 U.S. at 163, 107 S.Ct. t 519-20......... 24

Daniel v. Thigpen, 742 F. Supp. 1535 (Ala. 1990)...................... 15

Davis v. Alabama, 596 F.2d 1214 (5th Cir. 1979).................... 13

Davis v. Alabama, 596 F.2d 1214,1221(5th Cir.1979)................ 13

Dean v. Superintendent Clinton Correctional Facility, 93 F.3d 58, 61 (2nd Cir. 1996)......................................... 26

Deberry v. State, Del. Supr. 457 A.2d 744 (1983)................... 17

Deluca v. Lord, 77 F. 3d 578 (3rd Cir. 1996)........................... 15

Demarest v. Price, 905 F. Supp.1432 (D.Colo. 1995)............... 12

Evitts v. Lucey, 105 S.Ct. 830 (1985).............................. 25

Faretta v. California, 422 U.S. 806, 821, 95 S.Ct. 2525, 2534, 45 L.Ed.2d 562 (1975................................................. 22

Frey v. Schuetzle, 78 F.3d 359, 361 (8th Cir. 1996)................. 26

Gaines v. Hopper, 575 F.2d 1147(5th Cir. 1985)........................ 14

Giles v. Maryland, supra Note 4, 386 U.S. at 74, 87 S. Ct. 793....... 19

Glover v. United States, 531 U.S. 198, 202-05, 121 S. Ct. 696, 148 L.Ed. 2d 604 (2001)................................................ 12

Harris by and through Ramseyer v. Wood, 64 F.3d 1432 (9th Cir. 1995).......................................... 27

Harris by and Through v. Wood, 64 F.3d 1432 (9th Cir. 1995)....... 23

Harris v. Reed, 894 F.2d 871(7th Cir.1990)............................ 13, 20

Hart v. Gomez, 174 F.3d 1067, 1073 (9th Cir. 1999.................. 20

House v. Balkeom, 562 F.Supp. (1983).............................. 21

Kenley v. Armontrout, 937 F.2d 1298 (8th Cir.1991).................. 14

Kubat v. Thieret, 867 F.2d 351, 370 (7th Cir. 1989).................. 27

Malloy v. Hogan, 378 U.S. 184 S.Ct. 1489, 12 L. Ed. 2d 653 (1964) 24

Miller v. Fenton, 474 U.S. at 109-10, 106 S.Ct. at 449............ 24

Nealy v. Cabana, 764 F2d. 1173 (5th Cir. 1995)........................ 20

Nelson v. Hargett, 989 F.2d 847 (5th Cir. 1993)..................... 16

Osborn v. Shillinger, 861 F.2d 612, 625 (10th Cir. 1988)............. 22

Pavel v. Hollis, 261 F.3d 210, 216 (2nd Cir. 2001)................. 12

People v. Cassassa, 49 N.Y. 2d 668, 427 N.Y.S. 2d 769, 772-73, 404 N.E. 2d 1310, 1313-15(1980)............................... 15

People v. Hitch, 12 Cal.3d 641, 117 Cal. Rptr.9, 527 P.2d 361 (1974)........................................................ 18

People v. Peterson, 39 N.Y. 2d 288, 383, N.Y.S. 2d 573, 582, 347 N.E. 2d 898, 907-08 (1976)...................................... 15

Rasmussen v. Arkansas, 280 Ark. 472, 658 S.W. 2d 867 (1983). 16

Rickman v. Bell, 131 F.3d 1150 (6th Cir. 1997)......................... 13

Rummel v. Estelle, 590 F.2d 103,104-05 (5th Cir. 1979).............. 14

Schneckloth v. Bustamonte, 412 U.S. 218 223, 93 S.Ct. 2041, 2045-46 (1973)........................................ 24

Smith v. Dugger, 911 F.2d 494 (11th Cir. 1990)..................... 25

Smith v. Wainwright, 741 F.2d 1248, 1254 (11th Cir. 1984).......... 20

Smith v. Wainwright, 777 F.2d 609 (11th Cir. 1985).................. 20

State v. Barber, 705 A.2d 345 (MD. App. 1998)..................... 16

State v. Deputy, Nos. K91-06-02112 to K91-06-024RI, K91-07-0266RI......................................................... 23

State v. Rooks, 401 A.2d 943 (Del.1979)........................... 25

State v. Rooks, 411 A.2d 316 (Del. 1980)........................... 25

Stevens v. Delaware Correctional Center, 152 F. Supp. 2d 561 (D. Del, Jul 23, 2001) (No. CIV.A. 97-130-GMS)................. 12

Streetman v. Lynaugh, 812 F.2d 950 (5th Cir. 1987)................ 16, 17

Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L.Ed. 2d 674 (1984)........................... 16

Strickland, 466 U.S, at 689, 104 S. Ct. 2065........................... 13

Strickland, 466 U.S. at 696, 104 S. Ct. 2052.......................... 12

Strickler v. Greene, 527 U.S. 263,119 S. Ct. 1936,1948,144 L Ed. 2d 286 (1999).............................. 18

Thomas, 738 F.2d at 309............................................... 15
U.S. Ex Rel. Foster v. Gilmore,
35 F.Supp. 2d 626 (N.D. IU. 1998)................................... 26

U.S. v Klodouris, 739 F.Supp. 1221 (N.D. Ill. 1990)................ 14, 27

U.S. v Perdue, 8 F.3d 1455........................................... 25

U.S. v. Garlbay, 143F. 3d 534, 539 (9th Cir. 1998)................. 21

U.S. v. Johnson, 995 F.Supp. 1259 (D.Kan.1998)...................... 13

U.S. v. Swanson, 943 F.2d 1070 (9th Cir. 1991)...................... 22

U.S. v. Thomas, 987 F.2d 1298 (7th Cir. 1993)..................... 21

United States ex. Rel. Caruso v. Zelinsky, 689 F.2d 435
(3rd Cir. 1982)......................................................... 16

United States v. Agurs, 427 U.S. at 112,96 S. Ct. at 2401........... 18

United States v. Bryant, 142 U.S. App.D.C. 132,
141, 439 F.2d 642, 651(1971)........................................... 18

United States v. Bryant, 439 F.2d 642, 651 (D.C.Cir. 1971)........... 18

United States v. Cronic, 104 S.Ct. 2039 (1984)..................... 26

United States v. Fessel, 531 F.2d 1275 (5th Cir. 1976)................ 13

United States v. Gray, 878 F.2d 702, 711 (3rd Cir. 1989)............. 12

United States v. Hamlet, 5 Cir. 1972, 456 F.2d 1284................. 13

United States v. Miles, 207 F.3d 988,993 (7th Cir .2000)........... 21

United States v. Sewar, 468 F.2d 236 (9th Cir. 1972),
cert. denied, 410 U.S. 916, 93 S.Ct. 972, 35 L.Ed.2d 278 (1973)... 19

United States v. Wade, 38 U.S. 218,227,87
S. Ct. 1926-1932,18 L.Ed.2d 1149 (1967).............................. 19

Vela v. Estelle, 708 F.2d 954 (198).................................... 24

Wainwright v. State, 504 A.2d 1096 (1986).......................... 25

White v. Roper, 416 F.3d 728, 732-33 (8th Cir. 2005)............ 12

Withrow v. Williams, 507 U.S. 68,
113 S.Ct. 1745, 1751 123 L.Ed. 2d 407 (1993)........................ 24

RULES, CONSTITUTIONAL PROVISIONS, ETC.,

18U.S.C. s 3006A(e)..................................................... 13

18U.S.C. s 3006A(c)...................................................... 13

American Bar Association Project on Standards for Criminal Justice, Standards Relating to the Prosecution Function and the Defense Function s4.1 (tent. draft 1970)................................ 14

Delaware under Title II §2542 and 2543................................ 15, 16

Rule 48(b)............................................................. 18

Sixth and Fourteenth Amendment Rights............................... 16, 20, 21, 25

Superior Court Criminal Rule 16(a)(c)................................ 17

United States Constitution and the Delaware Constitution, article 1, section 7........................................................ 17

NATURE AND STAGE OF THE PROCEEDINGS

Defendant is an inmate at the Delaware Correctional Center. On February 14, 2003 defendant was found guilty at a jury trial of First Degree Murder and Possession of a Firearm During the Commission of a Felony. On April 25, 2003, defendant was sentenced to life plus 3 years. On April 19, 2006, defendant filed a motion for post conviction relief pursuant to Delaware Superior Court Criminal Rule 61. This motion was denied on August 7, 2006. A timely notice of appeal was made. This is the Defendant's Opening Brief.

## SUMMARY OF THE ARGUMENTS

I.    Whether appellant argues that he was denied effective assistance of counsel during the pre-trial stages. Defendant claims counsel failed to investigate the case and prepare for trial, failed to investigate witnesses, failed to alert the Court of his psychiatric history, failed to facilitate a comprehensive psychiatric evaluation prior to trial, failed to submit a motion for an affirmative defense based on his psychiatric records, and failed to raise adequate issues at the suppression hearing.

II.   Whether appellant argues that he was denied effective assistance of counsel during the trial. Defendant claims his counsel failed to call critical witnesses to the stand, and failed to require the prosecution's case to survive the crucible of meaningful adversarial testing. Defendant also states that motions were not made previously because counsel misrepresented to him the facts of the case.

STATEMENT OF FACTS

The record in this case reflects that on the 20th day of February 2002, Kendall Campbell was fatally shot at the location of 1329 E. 24th Street, Wilmington, DE, which he later died from that evening at the Christiana Hospital.

Delaware lodged an arrest warrant out against appellant, Corrie Joyner on the 21st day of February 2002 for murder in the first degree, Title II, Section 636 and possession of a firearm during the commission of a felony Title II, 1447.

Appellant was arrested on the 23rd day of February 2002, while across the state line in Bensalem, Pennsylvania. Appellant was taken to Bensalem Township Police Station and questioned. However, all investigative officers and F.B.I. agents failed to read appellant his rights before interrogating him and appellant was coerced into writing an involuntary confession in violation of his 5th, 6th, and 14th Amendment Rights: Appellant was illegally interrogated and the involuntary confession was used against him without objection.

On the 26th day of February 2002, appellant was extradited from the Commonwealth of Pennsylvania and returned to the State of Delaware and appellant was booked by Det. Cpl. Patrick Conner.

Appellant was represented by Eugene J. Maurer Jr. Esq. at a preliminary hearing on March 8, 2002 and the charges were accepted in Superior Court on 3/11/2002.

When the case was accepted by Superior Court, Eugene J. Maurer Jr. Esq. dropped the case and the Public Defendants Office in Wilmington picked it up. John S. Edinger and Dawn Miello filed a discovery motion on or about 4/10/2002.

The prosecution for the state filed a true bill of indictment and appellant was given an arraignment on or about 4/23/2002 and appellant entered a plea of not guilty. During this time appellant was held without bail.

There was an office conference proceeding held on or about 4/26/2002 in which a trial date was set for 1/28/2003, expert reports were to be submitted to Hon. Slights by 8/30/02, suppression deadline by 6/15/2002 and the notice of affirmative defenses by the month of July 2002.

A discovery response was filed by Mark Bunitsky, D.A. office, on 6/15/2002; however it was incomplete.

On 6/18/2002 a letter from John Edinger
Re: No issue which may be the subject of a motion to suppress.

Several letters were filed by Public Defender Ms. Dawn Miello, Esq. concerning affirmative defensive, which was supposed to be submitted to the court on or before July 30, 2002.

Per order of the court the defense is to let the court know if they will be using an expert witness for the defense by 11/5/2002 and the state was given until 12/6/2002 to respond.

Another letter from Dawn Miello requesting more time to develop an affirmative defense was filed on or about 7/26/2002. This request for more time was a direct violation of appellant's rights because the public defenders failed to produce any type of defense or during the trial.

The docket sheet reflects that on 2/5/2003, a Motion in Limine was filed for a hearing to prevent using the appellant's record from being used against him, if he testifies.

The suppression hearing was denied and the prosecution was allowed to use an involuntary confession.

The trial jury selection began on February 6, 2003 and after trial by jury on February 14, 2003, appellant was found guilty of murder 1st degree Title II, section 636 and possession of a firearm during the commission of a felony Title II, section 1447. Appellant was sentenced on April 25, 2003 by Hon. Slights to life imprisonment and 3 years level 5.

Counsel filed a notice of appeal and for a copy of trial transcripts. However, counsel failed a request a transcript of the suppression hearing on February 5, 2003. Therefore, counsel refused to completely protect appellant's rights on direct appeal.

Appellant claims John S. Edinger did not want to appeal the case because he failed to properly defend the case and violated defendant's rights to a fair trial. Appellant further claims John S. Edinger did not have the skills to handle a first-degree murder case.

Appellant further requested his attorney John S. Edinger to file an appeal. His attorney said he would file an appeal, but the appeal was not going to be granted. John S. Edinger stated he would submit a claim that the prosecution failed to prove its case beyond a reasonable doubt. Appellant then fired John S. Edinger due to his negligence and incompetent representation at trial as well as John S. Edinger stating he was going to file a frivolous brief on direct appeal. This is the defendant's Opening Brief.

## ARGUMENT

I. Appellant argues that he was denied effective assistance of counsel during the pre-trial stages. Defendant claims counsel failed to investigate the case and prepare for trial, failed to investigate witnesses, failed to alert the Court of his psychiatric history, failed to facilitate a comprehensive psychiatric evaluation prior to trial, failed to submit a motion for an affirmative defense based on his psychiatric records, and failed to raise adequate issues at the suppression hearing.

## STANDARD AND SCOPE OF REVIEW

The standard and scope of review is whether defendant was denied effective assistance of counsel during the pre-trial stages (White v. Roper, 416 F.3d 728, 732-33 (8th Cir. 2005) and (Pavel v. Hollis, 261 F.3d 210, 216 (2nd Cir. 2001)

Trial counsel did not investigate potential witness Christine Flowers who made a statement to the investigating detectives that the prosecution witness Sandra Watson, was standing across the street with her and not next to the victim as she stated during her interview with the detectives handling the case. Appellant claims both counsel failed to interview the states witnesses to confirm any and all statements given to detectives. This violated appellant's 5th, 6th and 14th Amendment Rights. See... Demarest v. Price, 905 F. Supp.1432 (D.Colo. 1995)

Watson's credibility was an important aspect to the case because her testimony of a statement being made by the defendant before the shooting is what the prosecutor's used to prove intentional murder. Counsel's failure to investigate Flowers statement left Watson's version of the events in question essentially the only detailed version that was present to the jury. Edinger's deficient investigation led to a "breakdown in the adversarial process that our system counts on to produce just results." See... Stevens v. Delaware Correctional Center, 152 F. Supp. 2d 561(D. Del, Jul 23, 2001) (No. CIV.A. 97-130-GMS) See also... Strickland, 466 U.S. at 696, 104 S. Ct. 2052 See also... United States v. Gray, 878 F.2d 702, 711 (3rd Cir. 1989)

This failure deprived the defendant of virtually any chance of acquittal. Omitted evidence by counsel that could reasonably have led to a conviction with a less severe penalty resulted in prejudice towards the defendant. See...Glover v. United States, 531 U.S. 198, 202-05, 121 S. Ct. 696, 148 L.Ed. 2d 604 (2001)

In reviewing claims of ineffective assistance of counsel, the reviewing court should not second guess strategic decisions of counsel with benefit of hindsight and should also not construct strategic defenses which counsel did not offer. Counsel should not be allowed to shield his failure to investigate simply by raising his claim of "trial strategy and tactics". Counsel stated that the biggest reason he decided not to interview

any witness, including Flowers, was that he felt the prosecution's case was weak and the jury would see that. See…Harris v. Reed, 894 F.2d 871(7th Cir.1990) The role of the court on review is to "evaluate the conduct from counsel's perspective at the time." Id. (quoting Strickland, 466 U.S, at 689, 104 S. Ct. 2065)

An evidentiary hearing is required in post-conviction proceeding to determine whether defense counsel provided ineffective assistance in first degree murder charge when he allegedly did not properly investigate, did not call "critical" witnesses, did not properly examine or cross-examine witnesses, and did not read and understand applicable law. See… U.S. v. Johnson, 995 F.Supp. 1259 (D.Kan.1998)

Counsel rendered ineffective assistance of counsel to the defendant as evident by a varsity of deficiencies including counsel's failure to investigate the case or prepare for trial. Performance of counsel for defendant at state's murder trial, including counsel's total failure to actively advocate defendant's cause amounts to constructive denial of assistance of counsel. See…Rickman v. Bell, 131 F.3d 1150 (6th Cir. 1997)

Trial counsel put in issue defendant's mental capacity to premeditate to intend to kill, and to act with malice. Trial counsel did this without any evidence to support that claim instead of using psychiatric report that he possessed to focus on defendant's mental state at the time of the crime. Had it not been for the deficient performance of defendant's trial counsel, there is a reasonable probability that the verdict would have been different. See…Bloom v. Calderon, 132 F.2d 1267 (9th Cir. 1997)

Trial counsel's failure to contest evidence showing defendant guilty of committing the acts charged left the question of defendant's quilt virtually uncontested. The only issue for this to consider therefore was the mind state of the defendant at the time of the offense. The failure of counsel to utilize 18U.S.C. s 3006A(e) denied the accused services "necessary to the preparation and presentation of an adequate defense," and thus denied defendant the minimally effective representation guaranteed by the Sixth Amendment. See...United States v. Fessel, 531 F.2d 1275 (5th Cir. 1976)

Appellant claims that psychiatrist appointed by the State to determine the present competency of the defendant to stand trial "falls short of fulfilling the role of an expert selected under 18 U.S.C. s3006A(c) whose responsibility is to assist the defense." See… United States v. Hamlet, 5 Cir. 1972, 456 F.2d 1284. Once it was determined that defendant was competent to stand trial, counsel abandon an EED defense instead of investigating it as a possible defense. By failing to investigate, defense counsel did not discharge the duty he owed to the defendant. In Davis v. Alabama, 596 F.2d 1214 (5th Cir. 1979) an evidentiary hearing was granted to determine if helpful evidence could have been uncovered had counsel acted properly. But in case, counsel already possessed helpful evidence to support an EED defense.

Trial counsel is responsible for the inadequacy of the appellant's defense, counsel must be prepared to investigate and develop evidence on behalf of his client. See…Davis v. Alabama, 596 F.2d 1214,1221(5th Cir.1979). "It is the duty of the lawyer to conduct

prompt investigation of the circumstances of this case and explore all avenues leading to facts relevant to guilt and to a degree of guilt or penalty." See...American Bar Association Project on Standards for Criminal Justice, Standards Relating to the Prosecution Function and the Defense Function s4.1 (tent. draft 1970). An attorney does not provide effective assistance if he fails to investigate sources of evidence which may be helpful to the defense. See...Rummel v. Estelle, 590 F.2d 103,104-05 (5th Cir. 1979)

In first degree murder prosecution, failure of accused appointed counsel to conduct an adequate pre-trial investigation, which might have revealed why defendant thought more force was needed in order to protect oneself, prejudiced the defendant.

The prosecutor's presented the jury with "the impression of a totally unprovoked shooting" found in large part on the testimony of witnesses Aruku Baji Davis and Sandra Watson. Appellant's trial counsel cross-examined the prosecution witnesses but failed to call the defendant or any other witnesses from the crime scene to the stand. Counsel was aware that the shooting took place in front of a large crowd but failed to conduct an independent search for possible defense witnesses. Defense counsel rested his case without producing any evidence in regards to the crime.

Had the factual situation as suggested by the defendant and the statement given by potential defense witness Christine Flowers been fully investigated and developed a jury might as well have been convinced that the defendant acted "solely as the result of a sudden, violent and irresistible passion resulting from serious provocation." Which would have reduced the degree of his offense from murder to manslaughter. Less likely, but nevertheless plausible, a self-defense claim might have been believed. Counsel had proper understanding of his client's case but relied solely on what the hand-written statement said instead of investigating witnesses to get another perspective resulted in prejudiced towards defendant. See... Gaines v. Hopper, 575 F.2d 1147(5th Cir. 1985)

Appellant claims that trail counsel's failure to alert the court and prosecuting attorney about the defendants mental history resulted in prejudice. A psychiatric evaluation was performed on defendant after a prior arrest and the results stated that the defendant couldn't differentiate between right and wrong during a conflict. Neither defendant nor any of his family members were aware of the results of the evaluation nor did the defendant know the counsel possessed that evidence until the defendant proceeded pro se and received all paperwork from trial counsel. See... Kenley v. Armontrout, 937 F.2d 1298 (8th Cir.1991) See... App.2

Trial counsel's failure to understand the single defense available to his client affected every stage of his representation of defendant, exacerbated a multitude of other errors, and this was prejudicial. Counsel sent letters to the trial judge informing him that there was not an affirmative defense available to the defendant, resulting in counsel's failure to alert the court about defendant's mental history. Defendant was prejudiced by the fact that his trial counsel never fully understood the signal defense available to the defendant. See...U.S. v. Kldonris, 739, F.Supp. 1221(N.D. Ill 1990)

The significance of the psychiatric report to the trial court demonstrates the assistance that would have been available to the appellant had his attorney's chose to use it. The probability is great that professional psychiatric assistance in this case should have made a significant difference at both guilt and penalty phase. See... Daniel v. Thigpen, 742 F.Supp. 1535 (Ala. 1990)

A possible EED defense was of great potential importance to the defendant's case, the assertion of this defense would have been likely to produce a more favorable result for defendant, and that, in abandoning all construction of this defense at an early stage and for no adequate reason, counsel failed to deliver effective representation. See...Deluca v. Lord, 77 F.3d 578 (3rd Cir. 1996)

The purpose of the EED defense is to allow the defendant to prove reduced culpability for a homicide because of the influence of emotional trauma. A defendant's proof that the killing occurred under the influence of an extreme emotional disturbance does not lead to an acquittal, but reduces the crime upon conviction from murder to manslaughter. Nor was the passage of time between the assault and shooting inconsistent with and EED defense. An action influenced by an extreme emotion disturbance is not one that is necessarily...spontaneously undertaken. See...People v. Cassassa, 49 N.Y. 2d 668, 427 N.Y.S. 2d 769, 772-73, 404 N.E. 2d 1310, 1313-15(1980) See also...People v. Peterson, 39 N.Y. 2d 288, 383, N.Y.S. 2d 573, 582, 347 N.E. 2d 898, 907-08 (1976)

Appellant was prejudiced by unjustified abandonment of EED theory. An incomplete or inconclusive report does not obviate the possible significance of older evidence just because it is more recent. See... Thomas, 738 F.2d at 309 Had EED defense been presented, the defendant could have taken the stand, as had been the defendant's plan going forth. The defendant taking the stand asserting the EED defense would have been likely to change the result of the trial.

Appellant claims both counsel of record were negligent and incompetent to take a first degree murder case and they took it upon themselves to waive appellant's rights under the interstate agreement compact. This was a direct violation of the laws of Delaware under Title II §2542 and 2543 as well as appellant's 6th and 14th Amendment Rights.

Defendant claims he was in Pennsylvania at the time of arrest on February 23, 2002 and was extradited back to Delaware on 2/26/02 to answer the aforementioned charges. Appellant claims when he closed state lines that he became a part and privy to the interstate compact agreement.

Appellant claims the prosecution for the state violated his interstate compact agreement of Title II § 2542 and 2543 by failing to honor the terms of that agreement. This violated state and federal laws as well as appellant's 6th and 14th Amendment Rights and denied appellant a fail trial See...Barker v. Wingo, 407 U.S. 514, 521-22 (1972).

Defendant claims counsel helped violated his rights by requesting more time to come up with an affirmative defense for the case. The violation of defendant's rights concerning the interstate compact agreement can be found on the docket sheet page 2, No. 12 See… App. 1

Letter from: Dawn Miello, Esq. Public Defender
To: Judge Slights
Re: Please accept this letter as a continuance of the deadline for defendant's notice of affirmative defense. Pursuant to the Scheduling Order in this case. Your Honor set this deadline for July 20, 2002.

Appellant claims he did not want counsel to waive any of his rights and that he has federal and state rights according to the interstate compact agreement concerning a fast and speedy trial, within 180 days. Defendant claims both counsel of record can be held accountable because this was a direct violation of appellant's 6th and 14th Amendment Rights. See… State v. Barber, 705 A.2d 345 (MD. App. 1998)

Defendant claims both counsel can be ruled to be in effective on this case due to the constant violation of his 6th and 14th Amendment Rights as well as violating Delaware laws under Title II §2542 and 2543. Appellant claims when prosecution failed to take defendant to trial within the time periods prescribed under Title II §2542 and 2543 his attorney's should have filed a Motion to Dismiss. See… Nelson v. Hargett, 989 F.2d 847 (5th Cir. 1993)

Appellant further claims there are plea bargain papers in this case and files which counsel failed to review with defendant. Even after defendant told counsel he would take a plea if counsel could ascertain a worthy plea. See… Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L.Ed. 2d 674 (1984)

The courts have concluded that the failure of a defendant's counsel to communicate an offer from the prosecutor to accept a plea to reduce charges equates with the denial of the effective assistance of counsel. See… Rasmussen v. Arkansas, 280 Ark. 472, 658 S.W. 2d 867 (1983). The decision of the court appeals in the 3rd circuit in United States ex. Rel. Caruso v. Zelinsky, 689 F.2d 435 (3rd Cir. 1982).

Appellant claims that his trial counsel rendered deficient performance in failing to raise the issues of the defendant's involuntary confession. Detective's handling the case threaten Siddeqah White, the mother of the defendant's children, during her interrogation by informing her that they were well connected with Child Protective Services and the Wilmington Housing Authority. Police threats to accused or his family render resulting confession involuntary. See… Streetman v. Lynaugh, 812 F.2d 950 (5th Cir. 1987)

Detective's also threaten Aruku Baji Davis by informing him that if he did not implicate the defendant in the crime, that he would be charged with the crime. In Bram v. United States, 168 U.S. 532,542-43, 18 S Ct. 183,187, 42 L.Ed. 568(1897), the Supreme Court stated that the test for determining the involuntariness of a confession is whether

the confession was extracted by any sort of threats or violence, or obtained by any direct or implied promises, however slight, or by the exertion of any improper influences.

Allegations that the defendant agreed to cooperate only after authorities threatened the mother of his children with the promise to take her child and house and to imprison his friend were not fully kept due to the fact that the mother of his children was subsequently evicted. Those facts should be sufficient to establish this court to conduct an evidentiary hearing to allow the defendant an attempt to establish ineffective assistance of counsel claim where confession was critical to state's case. Appellant claims that his trial attorneys rendered deficient performance in failing to press for suppression of aforementioned statements. Counsel informed the defendant of proof to support the claim that threats were made to the state witnesses but failed to raise that issue. If these facts were proven, they would establish the petitioner's ineffective assistance of counsel claim. See... Streetman v. Lynaugh, 812 F.2d 950 (5th Cir. (1987)

Trial counsel's efforts were weak in regards to suppression of defendant's hand-written statement and failed to call Davis and White to suppression hearing to address and confirm threats made by detectives handling the case. These facts alone should grant petitioner a state evidentiary hearing to address claims of ineffective assistances of counsel. See... Streetman v. Lynaugh, 812 F.2d 950 (5th Cir. 1987)

The hand-written confession and statements made by Davis and White were very critical to the prosecution's case because without it all they had was a witness who already committed perjury on the stand in regards to her prior convictions. Extreme prejudice occurred where inadmissible confessions provided the primary evidence offered. See... Smith v. Wainwright, 777 F.2d 609 (11th Cir. 1985)

During suppression hearing trial counsel failed to argue Superior Court Criminal Rule 16(a)(c) which states that upon request of the defendant the state shall permit the defendant to inspect and copy or photograph book, papers, documents, photographs, tangible evidence, buildings or places, or copies or portions there of, which are in the possession custody or control of the state.

When Det. Mullins failed to produce tape recorded statement defendant's due process rights were violated because the duty to preserve is extended to all investigative agencies, local, county, and state. The failure of the State to produce defendant's tape recorded statement and not use it at the suppression hearing to support their claim that Miranda rights were given or at trial to support hand-written statement permits defendant to infer that evidence obtained from tape recorded statement would have been favorable to defendant. The obligation to preserve evidence is rooted in the due process provisions of the Fourteenth Amendment to the United States Constitution and the Delaware Constitution, article 1, section 7 See... Deberry v. State, Del. Supr. 457 A.2d 744 (1983)

Appellant claims that counsel failed to raise the government's violation of Brady v. Maryland, 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L Ed. 2d 215 (1963) which requires the government in a criminal prosecution to disclose to an accused all favorable material

evidence. The prosecution failed to disclose the existence of a detailed tape recorded statement that was more favorable to the defense then it was to the prosecution. Had this material been available "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." See... Strickler v. Greene, 527 U.S. 263,119 S.Ct. 1936,1948,144 L Ed. 2d 286 (1999)

Due process demands simply that where evidence is collected by the state, as it was with the tape recorder and cassette, law enforcement agencies must establish and follow rigorous and systematic procedures to preserve the captured evidence or its equivalent for the use of the defendant. See... People v. Hitch,12 Cal.3d 641, 117 Cal. Rptr.9, 527 P.2d 361 (1974)

Appellant claims he was prejudiced by counsel's failure to raise the aforementioned issue at the suppression hearing. Trial counsel also failed to file a motion requesting the tape recorder and/or cassette. That evidence was favorable to the defendant because it could have supported his claim that he was not read his Miranda rights which would have resulted in the trial judge suppressing hand-written statement. Due Process Clause is implicated when a state intentionally destroys evidence that might have proved favorable to a criminal defendant. See... Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194,10 L.Ed.2d 215 (1963) See also... Caiglio v. United States, 405 U.S. 150, 153-54, 92 Ct. 763, 76-766, 1 L.Ed. 2d 104 (1972)

Government must "make earnest efforts to preserve crucial material and to find them once a discovery request is made." See... United States v. Bryant, 142 U.S. App.D.C. 132, 141, 439 F.2d 642, 651(1971) Given that the prosecution has a constitutional duty to turn over exculpatory evidence that would raise a reasonable doubt about the defendant's guilt. See... United States v. Agurs, 427 U.S. at 112,96 S. Ct. at 2401

Appellant claims he was prejudiced by trial counsel because if tape recorder and cassette were requested by counsel and not granted by the prosecution, other motions could have been filed regarding the authenticity of hand-written statement and Det. Mullins' handwritten notes. When evidence has been destroyed in violation of the Constitution, the Court must choose between barring further prosecution or suppressing the state's most probative evidence. See... California v. Trombetta, 467 U.S. 479 (1984)

Trial counsel failed to raise the issue of intentional non-preservation by investigative officials of highly relevant evidence. Initially, trial counsel was not ware of the recorded statements existence after receiving discovery from the prosecution. Once counsel was informed by the appellant of its existence and importance, failed efforts were made to discover it.

Due to the fact that Det. Mullins conducted the interview with the defendant and destroyed the tape recorder and cassette, the hand-written statement and Det. Mullins' notes should be suppressed due to Rule 48(b), Fed. R.Crim.P. on grounds of unlawful suppression of evidence. A taped statement conducted by an investigator and defendant is

discovered by the constitutional and statutory safeguards invoked by the appellant. See... United States v. Bryant, 439 F.2d 642, 651 (D.C.Cir. 1971)

When the government loses or destroys tangible evidence prior to trial, a motion to suppress secondary evidence such as photographs, testimony of witness, etc., will be granted by the trial court if the defendant can show (1) bad faith or connivance on the part of the government, and (2) that he was prejudiced by the loss or destruction of the evidence and trial counsel failed to raise this issue. See... United States v. Sewar, 468 F.2d 236 (9th Cir. 1972), cert.denied, 410 U.S. 916, 93 S.Ct. 972, 35 L.Ed.2d 278 (1973)

Defendant was prejudiced due to his inability to observe and analyze the tape recorder and cassette. That deprived him of the opportunity to contest the detective's assertion that the tape recorder had technical problems. Appellant was also prejudiced because he could not use the cassette tape to support his claim that his Miranda rights were violated or use it in his defense.

A dismissal of the indictment or a new trial is warranted because a trial without defendant's hand-written statement and Det. Mullins' hand-written notes would have had a different outcome. The recorded statement was favorable to the defendant because it could have assisted in the preponderance of his defense and the defendant might have found the recorded statement useful "in obtaining further evidence." See... Giles v. Maryland, supra Note 4, 386 U.S. at 74, 87 S. Ct. 793.

Counsel's failure to appeal the suppression hearing was critical to the petitioner's defense because the hand-written statement was critical to the state's case. A defendant is not constitutionally entitled to the assistance of counsel in all pre-trial circumstances but only those considered "critical stages" in proceedings. See... United States v. Wade, 38 U.S. 218,227,87 S. Ct. 1926-1932,18 L.Ed.2d 1149 (1967)

II. Appellant argues that he was denied effective assistance of counsel during the trial. Defendant claims his counsel failed to call critical witnesses to the stand, and failed to require the prosecution's case to survive the crucible of meaningful adversarial testing. Defendant also states that motions were not made previously because counsel misrepresented to the defendant the facts of the case.

STATEMENT AND SCOPE OF REVIEW

The standard and scope of review is whether defendant was denied effective assistance of counsel during trial (Pavel v. Hollis, 261 F.3d 210, 216 (2nd Cir. 2001) and (Hart v. Gomez, 174 F.3d 1067, 1073 (9th Cir. 1999)

Trial counsel's failure to present potential witness testimony which could have affected the jury's evaluation of truthfulness of the prosecution's witness deprived the defendant of a fair trial and violated his Sixth Amendment Right. See... Nealy v. Cabana, 764 F.2d. 1173 (5th Cir. 1995)

Counsel's failure to call critical eyewitness, Christine Flowers, to the stand to rebut Sandra Watson's testimony was not a strategic move that he abandoned to pursue one line of defense over another. Instead, he simply abdicated his responsibility to advocate his client's case.

The defendant's counsel's overall performance in representing the defendant in his murder trial, including his decision not to put on any witnesses in support of viable theory that prosecution witness, Sandra Watson, was not standing where she said she was to hear an alleged statement made by the defendant before the shooting, fell outside the wide range of professionally competent assistance. His decision not to rebut this Watson theory through the testimony of Flowers after preparing the jury for discrediting evidence against Watson in the opening statement was unreasonable professional conduct. See... Harris v. Reed, 894 F.2d 871(7th Cir.1990) See also... Smith v. Wainwright, 741 F.2d 1248, 1254 (11th Cir. 1984)

By counsel neglecting to call that particular critical eyewitness to the stand and choosing to gamble on his perceptions about the weakness of the prosecution's case prejudiced the defendant. By resting the case without presenting any evidence in favor of the defense, counsel left the jury to believe Watson's account of this incident as the only account. Thus, resulting in counsel the "speaking silence" defense theory introduced in opening statement, which is prejudicial as a matter of law. See... Anderson v. Butler, 858 F.2d 16, 29 (1st Cir. 1988)

Appellant claims counsel was ineffective by failing to impeach perjury testimony of the one eyewitness. This was a direct violation of appellant's 6th and 14th Amendment Rights, which denied him a fair trial.

Appellant claims that Ms. Sandra Watson was the only eyewitness in the case as was attested to at the time of trial. See... T.T. February 11, 2003 Paragraph 32 See...App.3

"Ms. Watson is the only state's witness who actually testified to observing the shooting and or anything that was said, allegedly by Mr. Joyner during that time. The other witnesses did not observe anything."

Appellant claims Sandra Watson committed perjury on the witness stand by testifying she had not committed a crime of dishonesty. See...T.T. February 11, 2003 Paragraph 53 See.. App.4

Q: "Okay Ms. Watson have you ever been convicted of a crime of dishonesty?"
A: "Excuse me?"
Q: "Have you ever been convicted of a crime of dishonesty?"
A: "No"

Appellant claims Sandra Watson, the key witness for the prosecution committed perjury because she has a lengthy criminal record including a number of crimes of dishonesty. See...T.T. February 11, 2003 Paragraph 31 See... App.3

Ms. Miello: "The review of the record that I have in front of me it appears that there was a shoplifting conviction in 1994, which would actually fall within the ten-year time, thereafter in 1993 there was a shoplifting conviction. In 1992 there was a shoplifting conviction, in 1991 there was a forgery conviction."

Appellant claims he was denied due process under the 14th Amendment Right when Sandra Watson was allowed to testify concerning a crime she did not witness. This denied the defendant a fair trial and was the reason defendant was found guilty. See...U.S. v. Thomas, 987 F.2d 1298 (7th Cir. 1993) See also... House v. Balkeom, 562 F.Supp. (1983)

Appellant claims counsel should have moved to strike the witnesses testimony in it's entirely because her testimony was used against the defendant. See...United States v. Miles, 207 F.3d 988,993 (7th Cir .2000) Defendant claims Sandra Watson testified she heard the defendant make the statement "Do you want-you going to die, mother fucker. Do you want to die tonight or are going to die tonight mother fucker, and he started shooting." See...T.T February 11, 2003 Paragraph 19 See... App.5

Appellant further claims since she's the states key witness, Sandra Watson committed perjury during trial, the prosecutor should not have been able to use her trial testimony to support the prosecutor's case regarding the charge of first degree murder. See... U.S. v. Garlbay, 143 F.3d 534, 539 (9th Cir. 1998)

Defendant claims Ms. Watson was committing perjury on the witness stand the entire time she testified and her testimony contradicted itself. See..T.T. February 11, 2003 Paragraph 25 See… App.6

Q: "Just a few more questions. Did you ever see Kendall with a weapon that evening?"
A: "Yeah"
Q: "Anything on him?"
A: " No"
Q: " Knife"
A: "No"

Trial counsel was ineffective when admitted defendant's guilt during opening arguments and failed to require the prosecution's case to survive the crucible of meaningful adversarial testing. Counsel stated that the fact the defendant pulled the trigger was not in dispute, thus admitting defendant's guilt. See… T.T February 10, 2003 Paragraph 31 See… App.7

When a defense attorney concedes that there is no reasonable doubt concerning the only factual issues in dispute, the government has not been held to its burden of persuading the jury that the defendant is guilty. He failed to function as the government's adversary during his summation to the jury. See… U.S. v. Swanson, 943 F.2d 1070 (9th Cir. 1991)

When a true adversarial criminal trial has been conducted, even if defense counsel may have made demonstrable errors, the kind of testing envisioned by the 6th Amendment has occurred. But if the process loses its character as a confrontation between adversaries, the constitutional guarantee is violated. See…Anders v. California, 386 U.S. 738, 743 { 87 S.Ct. 1396, 1399, 18 L.Ed 2d 493} (1967)

A defense attorney abandons his duty of loyalty to his client and effectively joins the state in an effort to attain a conviction suffers from obvious conflict of interest, such and attorney, like unwanted counsel, "represents the defendant only through a tenuous and unacceptable legal fiction". See… Osborn v. Shillinger, 861 F.2d 612, 625 (10th Cir. 1988) In fact, an attorney who is burdened by a conflict of interest and his own sympathies to the prosecution's position is considerably worse than an attorney with loyalty to other defendant's because the interests of the state and the defendant are necessarily in opposition. See… Faretta v. California, 422 U.S. 806, 821, 95 S.Ct. 2525, 2534, 45 L.Ed.2d 562 (1975)

Appellant claims trial attorney Mr. John S. Edinger started trial waiving some very important rights and issues dealing with the charges of first-degree murder and possession of a firearm during the commission of a felony. This was in direct violation of the defendant's 5th, 6th, and 15th Amendment Rights, which denied defendant a fair trial. See… T.T. February 10, 2003 Paragraph 31 See… App.7

Mr. Edinger: "May it please the court, counsel, ladies and gentlemen of the jury. Kendall Campbell died from a gunshot wound to the heart, Corrie Joyner fired that gun. Those facts are not in dispute."

Counsel impermissibly suggested negative inference on cultural issues of the case. Had the prosecutor made such remarks, the court would find them improper. Since the improper remarks having been made were stated by the defendant's own counsel, the prejudicial effect must at least be equal if not greater. See... State v. Deputy, Nos. K91-06-02112 to K91-06-024RI, K91-07-0266RI.

Appellant claims counsel's opening statement fell below an objectively identifiable standard of conduct expected of defense counsel to not comment adversely upon his own client's guilt and with the prejudicial effect of the argument being reasonably probable. The two-pronged standard of Strickland has been satisfied in this case. Therefore this court should find on the facts represented that the appellant was denied effective assistance of counsel in violation of the 6th Amendment and a fair trial. See... Harris By and Through v. Wood, 64 F.3d 1432 (9th Cir. 1995)

Appellant claims ineffective assistance of counsel due to counsel's failure to communicate a proposed plea agreement, this was a direct violation of the defendant's 6th and 14th Amendment Rights.

Defendant claims that he was denied effective assistance of counsel because the prosecuting attorney and his attorney were negotiating plea bargains during the course of the trial. However, appellant's attorney John S. Edinger failed to inform defendant of the plea bargain being offered by the prosecutor. See...T.T. February 11, 2003 Paragraph 3 and 4 See... App.8

The Court: "And for the record, as we discussed this as we were working through our agenda items this morning, as I understand there was a conversation that occurred in the hallway, which may have included reference to a plea discussion that may have been over heard by a least one or two jurors, possibly more, but at least one maybe two were recognized, is that accurate?"

Mr. Brinitsky: "...Mr. Edinger's response was something among the lines of, well then why don't we just plead the case. I did not engage in any plea discussions with him exactly and I would assert that for...

It is appellant's contention that if a negotiable plea was offered it was the defendant's right to know about the plea being submitted by the prosecution. However, this was not the case. Appellant was constantly trying to get a plea bargain to manslaughter but counsel claimed the only plea he could get was a plea for second degree murder.

Appellant claims by counsel allowing his illegal written involuntary confession into evidence, he was also violating defendant 5th, 6th and 14th Amendment Rights and denied appellant a fair trial.

Appellant claims counsel failed to object to the prosecution illegally submitting the involuntary written confession into evidence at trial. See... T.T. February 11, 2003 Paragraph 92 See... App.9

The Court: "Members of the jury, the parties have stipulated that Mr. Joyner's statement was given voluntarily to the police, so there is no issue with respect to that. And that is a stipulation or agreement of the parties and you should consider that as evidence in the case, just as if you heard it from the witness stand."

Defendant claims counsel's failing to object to inadmissible evidence rendered him John S. Edinger Esq. ineffective. See... Vela v. Estelle, 708 F.2d 954 (198)

Appellant claims he never testified at trial in his own defense, therefore he can not be compelled to submit testimony against himself. The self-incrimination clause of the Fifth Amendment guarantees that no person "shall be compelled in any criminal case to be a witness against himself." See... Withrow v. Williams, 507 U.S. 68, 113 S.Ct. 1745, 1751 123 L.Ed. 2d 407 (1993)

However prior to the Supreme Court holding that the Fifth Amendment applied to the states, it held that the due process clause of the 14th Amendment bars the admission of 'involuntary' confessions. See... Colorado v. Connelly, 449 U.S. 157, 163, 107 S.Ct. 515, 519 (1986). "The court has retained this due process focus even after holding in Malloy v. Hogan, 378 U.S. 184 S.Ct. 1489, 12 L. Ed. 2d 653 (1964), that the Fifth Amendment privilege against compulsory self-incrimination applies to the states." See...Colorado v. Connelly, 479 U.S. at 163, 107 S.Ct. at 519-20 (citing Miller v. Fenton, 474 U.S. at 109-10, 106 S.Ct. at 449) Thus, the Fourteenth Amendment due process cases provide the clearest definition of 'voluntaries.' See...Schneckloth v. Bustamonte, 412 U.S. 218 223, 93 S.Ct. 2041, 2045-46 (1973)

The most extensive judicial exposition of the meaning of "voluntariness" has been developed in those cases in which the court has had to determine the "voluntariness" of a defendant's confession for the purposes of the Fourteenth Amendment.

Appellant claims by allowing the written confession into evidence and into the deliberation by the jury, counsel's actions violated the defendant's 5th, 6th, and 14th Amendment Rights, which denied him of a fair trial. If the prosecutor did not submit the illegal written confession to the jury for deliberation, the defendant would never have been found guilty of first-degree murder.

Appellant claims absent proof that proper warnings were given and valid waiver of rights was made by the accused, evidence obtained through custodial interrogation

should have been inadmissible at trial. The defendant claims he never waived his Miranda rights and therefore before the prosecution could introduce a defendant's incriminating statement, they generally must prove that the accused voluntarily, knowingly, and intelligently waived his or her Miranda rights.

Appellant claims he was prejudiced by counsel allowing the persecution to submit into evidence an involuntary written confession and this was a direct violation of the defendant's 6th and 14th Amendment Rights and denied him a fair trial. See...Arizona v. Fulminate, 111 S.Ct. 1246 (1991)

Appellant claims if counsel would have objected to the involuntary confession being admitted into evidence, then the trial court may have not allowed the involuntary written confession into evidence. Which would changed the outcome of the trial. Even if counsel failed to object at trial to the involuntary written confession due to the violation of the defendant's 6th and 14th Amendment Right counsel would have had the opportunity to raise the issue on direct appeal. See...Wainwright v. State, 504 A.2d 1096 (1986) See also... Evitts v. Lucey, 105 S.Ct. 830 (1985)

Appellant claims the standard for determining prejudice, for purposes of the defendant's claim that he was denied effective assistance of counsel as a result of counsel's failure to investigate and allow an involuntary written confession is whether counsel's failure rendered proceeding itself unfair even if such failure could not be shown by a preponderance of evidence. See... Smith v. Dugger, 911 F.2d 494 (11th Cir. 1990)

Appellant claims the involuntary written confession was illegal and therefore not admissible at trial. See... State v. Rooks, 411 A.2d 316 (Del. 1980) See also... State v. Rooks, 401 A.2d 943 (Del.1979) the trial judge directed a verdict of acquittal. The defendant further claims the involuntary confession was in violation of Miranda supra. It was not harmless error because the thrust of the prosecutions case was the involuntary confession and without it, there was insufficient evidence to support a conclusion of guilt. See...U.S. v Perdue, 8 F.3d 1455.

Appellant claims at the close of the prosecution's case, his attorney Mr. Edinger continued to bungle the case. See... T.T. February 12, 2003 Paragraph 46 See... App.10

The Court: "As best as I can tell and I would think if you had thought you were going to ask me to do this at the close of the state's case, you would have come armed with some authority---which has been absent, by the way, throughout this trial... to tell me that this is something that ought to be done or is required to be done, and I've heard none."

Appellant claims if no actual "assistance for the accused defense" is provided then the constitutional guarantee had been violated. To hold otherwise could convert the appointment of counsel into a sham and nothing more than a formal compliance with the

constitution's requirement than an accused be given assistance of counsel. See...United States v. Cronic, 104 S.Ct. 2039 (1984)

Counsel's failure to present mitigating evidence in regards to the charge of first-degree murder constituted ineffective assistance of counsel. When trial counsel moved for dismissal of first-degree murder charge, the trial judge denied the motion because counsel had not presented any evidence at all. The trial judge stated that the state had presented testimony that referred to a statement being made before the shooting that could support first-degree murder and that counsel had yet to present anything that could rebut that. Trial counsel was ineffective because he had the option of using Christine Flowers testimony to rebut the testimony of Sandra Watson or the option of using a psychiatric report or the testimony of the psychiatrist who performed the evaluation which stated that the defendant could not differentiate between right and wrong during a confrontation. Trial counsel chose not to "come armed with some authority" as the trial judge stated. Had counsel presented something it would have changed the outcome of the trial, this resulting in prejudice towards the defendant. The trial judge's assertion in reference to counsel coming "armed with some authority" to support the motion to dismiss the first degree murder charges should be weighed heavily. See... T.T. February 12, 2003 Paragraph 46 See also...U.S. Ex Rel. Foster v. Gilmore, 35 F.Supp. 2d 626 (N.D. IU. 1998) See... App.2 See also...App.10

Appellant claims counsel was ineffective when counsel had him waive the right to testify stating the prosecution did not prove first-degree murder. Counsel misinformed him on the issues of the case to trick the defendant into waiving his right to testify. This was a direct violation of defendant's 6th and 14th Amendment Rights, which denied him a fair trial. See...Frey v. Schuetzle, 78 F.3d 359, 361 (8th Cir. 1996)

Appellant claims he objected to the way counsel was handling the case and counsel made the defendant prepare and practice to testify at trial. However, when it came time to testify, counsel insisted he not take the stand. Defendant claims he did not make a voluntary waiver of that right because his attorney misinformed him. Counsel was just plain incompetent and created the mixed question of law the judicial system frowns upon. Defendant was in no position to debate but firmly objected to counsel and his advice not to testify. See... Dean v. Superintendent Clinton Correctional Facility, 93 F.3d 58, 61 (2nd Cir. 1996)

Cumulative impact of deficiencies in defense counsel's performance prejudiced defense in trial for first-degree murder, and therefore defendant was deprived of effective assistance of counsel. Counsel failed to prepare adequately for trial, failed to challenge admissibility of defendant's statement to Detective Mullins, failed to investigate adequately defendant's emotional status, failed to object to evidence, and made improper comments during closing arguments. See... Harris by and through Ramseyer v. Wood, 64 F.3d 1432 (9th Cir. 1995)

Defendant maintains that trial counsel errored by failing to object to the State's opening statement in reference to proving first-degree murder through the number of shots fired. Trial judge ruled that the State could not prove first-degree murder through the number of shots fired because the expert testimony did not support that claim. The appellant was prejudiced because trial counsel failed to collaborate on an instruction notifying the jury it should not consider the states opening statement, including its comments about proving first-degree murder, as evidence. The prosecution made statements to the jury, which were not ultimately supported by the evidence. Those statements were not cured by a timely instruction and resulted in prejudice towards the defendant. See… U.S. v Klodouris, 739 F.Supp. 1221 (N.D. Ill. 1990)

None of the errors made during the trial stand by themselves. Sometimes, no specific error of counsel is sufficiently bad to justify a new trial. But when considered cumulatively, enough "not-to-bad" errors can amount to one very bad trial. See…U.S. v. Kladouris, 739 F.Supp. 1221 (N.D.Ill. 1990) See also… Kubat v. Thieret, 867 F.2d 351, 370 (7th Cir. 1989)

CONCLUSION

In light of the aforementioned, defendant requests the lower court decision be reversed and the case remanded.

Corrie Joyner

Dated: