IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **CORRIE JOYNER** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ.Act.No. 07-494-SLR |
| | ) | |
| **ELIZABETH BURRIS,** Acting Warden and **JOSEPH R. BIDEN, III**, Attorney General for the State of Delaware | ) ) ) | |
| | ) | |
| Respondents. | ) | |

ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, respondents state the following in response to the petition for a writ of habeas corpus:

Discussion

A grand jury in April 2002 indicted Corrie Joyner, charging him with first degree murder and possession of a firearm during the commission of a felony. (Del. Super. Ct. Crim Dkt. 0202014548, D.I. 2). In February 2003, a Superior Court jury convicted Joyner of both charges. (Del. Super. Ct. Crim Dkt. 0202014548, D.I. 48). Joyner's attorney filed a notice of appeal in May 2003, but Joyner moved, and was permitted to, represent himself on appeal shortly thereafter. *See Joyner v. State*, 2003 WL 22048220 (Del. Super. 2003) (*Joyner I*) (Ex. A); (Del. Super. Ct. Crim Dkt. 0202014548, D.I. 63, 64, 71, 72, 73, 75). In September 2003, Joyner voluntarily moved to dismiss his appeal. (Del. Super. Ct. Crim Dkt. 0202014548, D.I. 76). In April 2006, Joyner moved for state postconviction relief. (Del. Super. Ct. Crim Dkt. 0202014548, D.I. 77). Superior Court

1

denied the motion on August 7, 2006; the order was filed that same day. (Del. Super. Ct. Crim Dkt. 0202014548, D.I. 82). Under Delaware Supreme Court Rule 6(a) (iii), the notice of appeal from Superior Court's decision must have been filed on or before September 6, 2006. *Joyner v. State*, 2007 WL 1301086 at *1 (Del. 2007) (*Joyner II*) (Ex. B). Joyner, however, did not file his notice of appeal until January 31, 2007. *Id.* Accordingly, on May 4, 2007, the Delaware Supreme Court dismissed his appeal as untimely. *Id.* at *2.

Petitioner claims, as his sole ground for relief, that his attorney rendered constitutionally defective representation. Specifically, Joyner claims that his attorney never a) investigated potential witnesses; b) alerted the trial court to Joyner's history of "psychological issues;" c) requested an independent psychiatric evaluation; e) called critical witnesses; f) visited the crime scene; g) filed "appropriate pre-trial motions addressing psychiatric issues; and h) filed a notice of appeal in the Delaware Supreme Court. Joyner further argues that his attorney "misrepresented facts of the case." Joyner, however, is not entitled to relief because the claims presented in his petition are untimely under 28 U.S.C. §2244(d) and, additionally, the claims are procedurally defaulted.

Because Joyner's petition was filed in September 2006, it is subject to the Antiterrorism and Effective Death Penalty Act ("AEDPA") signed into law by the President on April 24, 1996. *See generally Lindh v. Murphy*, 521 U.S. 320, 336 (1997) (holding the AEDPA applies to "such cases as were filed after the statute's enactment."); *Lawrie v. Snyder*, 9 F. Supp.2d 428, 433 n.1 (D. Del. 1998); *Dawson v. Snyder*, 988 F. Supp. 783, 802-03 (D. Del. 1997). After his sentencing, Joyner's trial counsel filed a timely notice of appeal. *Joyner I*, 2006 WL 2270937 at *1 (Del. Super. 2006). Joyner

subsequently moved, and was permitted to, represent himself on appeal. However, before any briefs had been filed with the state supreme court, Joyner filed a *pro se* motion to dismiss his appeal with prejudice, which was granted on September 26, 2003. *Id.* The Delaware Supreme Court entered its mandate on the same day. (Del. Super. Ct. Crim Dkt. 0202014548, D.I. 76). Thus, Joyner was required to file his petition for federal habeas relief by September 27, 2004 for his petition to be timely.[1] Joyner's petition, first docketed on August 13, 2007, was obviously filed past the September 2004 deadline. The petition is thus untimely and must be dismissed, unless the time period can be statutorily or equitably tolled. *See Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999).[2]

In turn, the tolling mechanism of §2244(d)(2) does not save Joyner's petition from the running of the limitations period. When applicable, §2244(d)(2) tolls the one-year period of § 2244(d)(1) during the time that a properly filed state postconviction action is pending in the state courts. Joyner filed a motion for postconviction relief in April 2006. *Id.* While Joyner's postconviction motion was timely under state law, it did not act to toll the limitations period because the limitations period had already run. Because Joyner has filed this federal habeas action almost three years beyond the §2244 bar, it is untimely.

Of course, as the Court has repeatedly noted, the limitation period might be subject to equitable tolling. *See, e.g., Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001). Equitable tolling, however, applies only where the petitioner "has in some extraordinary way been prevented from asserting his or her rights." *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618 (3d Cir. 1998). Here, Joyner has

---

[1] September 26, 2004 fell on a Sunday.
[2] Joyner does not allege, nor can respondents discern, any reason to believe that the terms of 28 U.S.C. §2244(d)(1)(B)-(D) are applicable to any of Crump's claims.

3

failed to demonstrate or even allege any extraordinary circumstances that prevented him from filing his petition with the Court in a timely manner. Joyner has, in fact, never been diligent in asserting his rights – he voluntarily dismissed the appeal of his convictions to the Delaware Supreme Court and he waited almost three years after his conviction became final to file his first motion for postconviction relief. *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005); *LaCava v. Kyler*, 398 F.3d 271, 276-77 (3d Cir. 2005). Joyner cannot credibly allege that the legal arguments or facts were unavailable to him during the limitations period. In short, Joyner's claims are untimely under § 2244(d), and there is no basis upon which any relevant time may be tolled.

Joyner's claims are also procedurally defaulted. A state petitioner seeking federal habeas relief must first exhaust remedies available in the state courts. 28 U.S.C. § 2254(b); *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Rose v. Lundy*, 455 U.S. 509, 515 (1982); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Alston v. Redman*, 34 F.3d 1237, 1241-42 (3d Cir. 1994). In order to exhaust state remedies, Joyner must have presented to the state courts the legal and factual basis of the claims which he presents to the federal habeas court. *See* 28 U.S.C. § 2254(b); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Landano v. Rafferty*, 897 F.2d 661, 670-71 (3d Cir. 1990); *Gibson v. Scheidemantel*, 805 F.2d 135, 139 (3d Cir. 1986). In turn, the claim must have been fairly presented to the state's highest court. *See Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir.1997) (citations omitted). Fair presentation requires that the claim be presented in a manner which permits the state's highest court to consider the merits of the case. *See Castille*, 489 U.S. at 350; *Brown v. Allen*, 344 U.S. 443, 448-49 n. 3 (1953). Joyner presented his ineffectiveness claims to the state supreme court in his appeal from Superior Court's

dismissal of his motion for postconviction relief. However, his appeal was dismissed as untimely by the Delaware Supreme Court. *See Joyner II*, 2007 WL 1301086.

Joyner cannot return to Superior Court to present his claims again in order to appeal from the ensuing decision: because of his failure to appeal the earlier decision in a timely fashion, state law precludes reconsideration of the claims Joyner made in his 2006 motion for postconviction relief. *Dorsey*, 393 F.Supp.2d 272, 276 (D.Del. 2005); *Qualls v. Williams*, 2004 WL 2283595, mem. op. at *3 (D.Del. Sept. 11, 1996). Because there is no available state remedy, Joyner is excused from the exhaustion requirement. *See Teague*, 489 U.S. at 297-98; *Dorsey*, 393 F.Supp.2d at 276.

Though all of Joyner's claims of ineffectiveness are exhausted, they have been procedurally defaulted. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Bond v. Fulcomer*, 864 F.2d 306, 309 (3d Cir. 1989). Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates cause for the default and resulting prejudice, or a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000). Review of Joyner's claims is thus barred unless he shows cause for failing to have appealed in a timely fashion and actual prejudice stemming from the alleged constitutional errors. *E.g., Beaty v. Patton*, 700 F.2d 110, 112-13 (3d Cir. 1983) (failure to appeal constitutes procedural default); *Dorsey*, 393 F.Supp.2d at 277; *Qualls*, mem. op. at *4. Joyner, in his petition for federal habeas relief, claims that his appeal was filed by "another individual on the street, who filed in the wrong court." (D.I. 1 at 6). But that explanation is little different than the explanation offered for the untimely state habeas appeal in *Coleman*, the petitioner entrusted his papers to another (state habeas counsel in

*Coleman*, an unidentified third person here), and the prisoner was chargeable with the shortcomings of the person to whom he had given the papers for filing. *See Coleman*, 501 U.S. at 752-54. As a result, Joyner has not established cause for his procedural default, and that warrants dismissal of his claim. *E.g., Elliott v. Kearney*, 2004 WL 724958, *4 n.5 (D. Del. Mar. 31, 2004). Accordingly, because Joyner's claims are untimely and procedurally defaulted, his petition must be dismissed.

## Conclusion

Based upon the Superior Court docket sheet, it appears that transcripts of Joyner's preliminary hearing, trial, and sentencing have been prepared. In the event that the Court directs the production of any transcript, respondents cannot state with specificity when such transcript would be available. However, respondents reasonably anticipate that such production would take 90 days from the issuance of any such order by the Court.

/s/ James T. Wakley
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 4612

DATE: December 3, 2007

Westlaw.

Not Reported in A.2d
Not Reported in A.2d, 2003 WL 22048220 (Del.Super.)
(Cite as: Not Reported in A.2d)

Page 1

H
Joyner v. State
Del.Super.,2003.
Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Superior Court of Delaware.
Corrie JOYNER, Appellant,
v.
STATE of Delaware, Appellee.
No. 247,2003.

Submitted July 14, 2003.
Decided Aug. 6, 2003.

Court Below: Superior Court in and for New Castle County in Cr. A. No. IN02-03-0668 and IN02-03-0669, Cr. ID No. 0202014548.
Upon Appellant's Motion to Proceed Pro Se Upon Appeal to the Supreme Court of Delaware. Findings and Conclusions.

Mark Bunitsky, Department of Justice, Wilmington, Delaware, for the State.
Corrie Joyner, Smyrna, Delaware, pro se.

*ORDER*
SLIGHTS, J.
*1 This 6th day of August, 2003, the Supreme Court of Delaware having remanded this matter to this Court [FN1] for the sole purpose of conducting a hearing to determine if the defendant, Corrie Joyner ("Mr.Joyner"), has made a knowing and voluntary decision to waive representation and to represent himself before the Supreme Court of Delaware, it appears to the Court that:

> FN1.See *Joyner v. State,* No. 247, 2003, Berger, J. (Del. July 14, 2003)(ORDER).

1. Mr. Joyner was convicted and sentenced in this Court for First Degree Murder and Possession of a Firearm during the Commission of a Felony. He filed a timely notice of appeal with the Supreme Court of Delaware and then filed an affidavit pursuant to Supreme Court Rule 26(d)(iii) in which he expressed his desire to represent himself on appeal. By order dated July 14, 2003, the Supreme Court of Delaware remanded the matter to this Court and directed the Court to conduct a hearing with Mr. Joyner to determine whether his decision to proceed *pro se* has been made knowingly and voluntarily.

2. The Court conducted the hearing on July 24, 2003. After placing Mr. Joyner under oath, the Court, guided by *Watson v. State,*[FN2] questioned him at length regarding his decision to discharge his court-appointed counsel and represent himself on appeal.

> FN2.564 A.2d 1107 (Del.1989)(providing a recommended line of inquiry to determine if decision to proceed *pro se* on appeal was knowing and voluntary).

*Findings of Fact*

3. Mr. Joyner has not retained private counsel. He indicated that his family has approached private counsel but has not yet secured the funds to engage private counsel. Mr. Joyner understands that the proceedings before the Supreme Court of Delaware will not be delayed as he continues in his efforts to retain private counsel. And, in the event his efforts to retain private counsel fail, he unequivocally expressed his desire to represent himself rather than continue with court-appointed counsel.

4. Mr. Joyner is indigent and remains eligible for the services of the Public Defender. Mr. Joyner understands that he continues to have a right to court-appointed counsel. He further understands that he cannot choose his court-appointed counsel; in this case, his trial attorneys would serve as his counsel on appeal.

5. The Court discussed with Mr. Joyner at some length his reasons for electing to proceed *pro se* on appeal.[FN3] He continues to believe that his trial counsel did not adequately represent him, particularly in the pretrial phase of the proceedings. He believes they failed adequately to investigate the case

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Ex. A

Not Reported in A.2d
Not Reported in A.2d, 2003 WL 22048220 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

Page 2

and to secure the presence of witnesses at trial who would be helpful to his defense. He is concerned that he will receive inadequate representation on appeal as well.

> FN3. This was not the first time the Court had discussed such issues with Mr. Joyner. After trial, but prior to sentencing, Mr. Joyner advised the Court that he wished to discharge his court-appointed counsel and represent himself at sentencing. The Court discussed this decision with Mr. Joyner and ultimately determined that the decision was made knowingly and voluntarily. Accordingly, the Court allowed Mr. Joyner to represent himself at sentencing but appointed trial counsel as "stand by" counsel. After sentencing, the Court re-appointed trial counsel to represent Mr. Joyner on appeal with the understanding that Mr. Joyner would likely seek to represent himself there as well.

6. Mr. Joyner knows that the appellate process involves the application of rules of procedure that may be difficult for a non-lawyer to follow or understand. He also knows that he will be expected to follow the rules and that his failure to do so will adversely delay his appeal and, if egregious or persistent, may even result in the dismissal of an otherwise meritorious appeal. He feels confident, however, that he will be able to follow the rules and adequately present his arguments in the form required by the rules.

*2 7. Mr. Joyner consulted with his mother and other family members prior to making his decision to represent himself at sentencing and then again when deciding to represent himself on appeal. According to Mr. Joyner, everyone with whom he has consulted has endorsed his decision.

8. The Court explained to Mr. Joyner that there are several disadvantages to proceeding *pro se,* including the fact that he will lose the opportunity to present oral argument to the Supreme Court in support of his arguments.FN4 He understands these disadvantages but believes he can overcome them.

> FN4. The Court's colloquy followed *Watson* but also went beyond the inquiry recommended there when deemed appropriate. For instance, while the Court resisted the urge to attempt directly to dissuade Mr. Joyner from proceeding *pro se,* the Court did take pains to emphasize the disadvantages of self-representation. *See State v. Williams,* 1999 Del.Super. LEXIS 628 at * 6, 1999 WL 1442018 (Del.Super.) (after the *Watson* colloquy the court noted "while the Court did not directly attempt to dissuade Appellant from appearing pro se on appeal, the Court pointed out ways the Appellant's self-representation will be to his disadvantage."). In addition to the procedural complexities and the likelihood that oral argument would not be available to him, the Court also explained to Mr. Joyner how appellate counsel could assist him in identifying potential appellate issues and in presenting them most effectively to the appellate court.

9. Mr. Joyner is a high school graduate who has earned some college credits from Widener University. The Court's observations reveal that he is a bright young man who is quite capable of expressing himself clearly and articulately. He has determined that he will have access to the Supreme Court Rules and other necessary papers and resources at the Delaware Correctional Center. He has committed to read the rules carefully in advance of submitting his briefs to the Supreme Court. His trial counsel have committed to supply him with trial transcripts and other materials from their files.

10. Notwithstanding his education and general intelligence, it is clear that Mr. Joyner has no experience with the appellate process and, beyond this trial, has virtually no experience with the criminal process.

11. Mr. Joyner understands that if the Supreme Court of Delaware accepts his waiver of counsel, he

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                          Page 3
Not Reported in A.2d, 2003 WL 22048220 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

will not be permitted to interrupt or delay the appellate proceedings in order to secure private counsel or court-appointed counsel. Mr. Joyner further understands that once the decision to allow him to waive counsel is made, the matter will be scheduled for disposition in accordance with the Supreme Court rules and he will be expected to comply with that schedule.

*Conclusions of Law*

12. Mr. Joiner clearly enjoyed a broad right of self-representation at trial.[FN5] The right is not as well-settled when the request to proceed *pro se* comes on appeal.[FN6] Nevertheless, Delaware courts traditionally have extended the right of self representation to the appellate process when it is determined that the defendant has made his decision knowingly and voluntarily.[FN7]

> FN5. *See Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).
>
> FN6. *See Gomez v. Collins,* 993 F.2d 96, 97 (5th Cir.1993)("There is no clearly defined standard regarding a state criminal appellant's constitutional right to waive court-appointed counsel and to proceed pro se at the appellate level.").
>
> FN7. *See e.g. Watson,* 564 A.2d at 1109; *Shelton v. State,* 1994 Del. LEXIS 156, 1994 WL 202269 (Del.Supr.) (ORDER).

13. In this instance, the Court is satisfied that Mr. Joyner has made a knowing and voluntary decision to represent himself. He is a smart man. He understands the consequences of his decision, has considered them, and has determined that he can follow the rules and present a cogent argument to the Supreme Court. His decision has not been coerced in any way. He has freely exercised his best judgment, after consultation with family, and has concluded that he can do a better job than his court-appointed counsel. He understands the risks of going forward without counsel. Right or wrong, the decision to waive court-appointed counsel has been made knowingly and voluntarily.[FN8]

> FN8. At the conclusion of the hearing, the Court indicated to the parties that it had determined that Mr. Joyner has made a knowing and voluntary waiver of court-appointed counsel. The Court also noted that in its written findings it would be recommending that trial counsel be appointed as "stand-by" counsel on appeal as had been done for the sentencing phase of the proceedings in this Court. Upon reflection, however, the Court has concluded that such a recommendation would exceed the scope of the remand in this case. Whether to appoint "stand-by" counsel is a decision better left to the Supreme Court of Delaware after it determines the appropriate disposition of the request to waive court-appointed counsel.

IT IS SO ORDERED.

Del.Super.,2003.
Joyner v. State
Not Reported in A.2d, 2003 WL 22048220 (Del.Super.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

925 A.2d 504 Page 1
925 A.2d 504, 2007 WL 1301086 (Del.Supr.)
**(Cite as: 925 A.2d 504, 925 A.2d 504 (Table))**

H
Joyner v. State
Del.Supr.,2007.
(The decision of the Court is referenced in the Atlantic Reporter in a 'Table of Decisions Without Published Opinions.')
Supreme Court of Delaware.
Corrie JOYNER, Defendant Below, Appellant,
v.
STATE of Delaware, Plaintiff Below, Appellee.
No. 42, 2007.

Submitted: March 30, 2007.
Decided: May 4, 2007.

Court Below-Superior Court of the State of Delaware, in and for New Castle County, Cr. ID No. 0202014548.

Before HOLLAND, BERGER and JACOBS, Justices.

### ORDER

CAROLYN BERGER, Justice.

*1 This 4th day of May 2007, upon consideration of the notice to show cause issued to the appellant, the memorandum in support of dismissal filed by the appellee's counsel, and the appellant's response to the appellee=s memorandum, it appears to the Court that:

(1) On January 31, 2007, the *pro se* appellant, Corrie Joyner, filed a notice of appeal from the Superior Court's denial of postconviction relief on August 7, 2006. On its face, Joyner's appeal appeared to be untimely.[FN1] A notice of appeal from the Superior Court's August 7, 2006 decision should have been filed on or before September 6, 2006.[FN2]

> FN1.*See* Del.Supr. Ct. R. 6(a)(iii) (2007) (providing that a notice of appeal must be filed within thirty days of entry upon the docket of an order in any proceeding for postconviction relief).

> FN2.*Id.*

(2) On February 2, 2007, the Clerk issued a notice directing that Joyner show cause why the appeal should not be dismissed as untimely.[FN3] In his response to the notice, Joyner states that he mailed the notice of appeal on or about August 18, 2006, a date that was well within the thirty-day appeal period. Joyner explains that he mailed a second notice of appeal on January 29, 2007, when he realized that the Court must not have received the first notice.[FN4] In any event, Joyner maintains that the appeal should not be dismissed because the record reflects that the Superior Court Prothonotary received the notice of appeal on September 6, 2006, the last day of the appeal period.

> FN3. Del.Supr.Ct. R. 29(b).

> FN4. Joyner suggests that he erred when addressing the first notice of appeal, but the address he maintains that he used is a correct mailing address for the Supreme Court's offices in Wilmington where filings are routinely accepted. Del.Supr. Ct. R. 10(a). Joyner mailed his second notice of appeal to the Clerk's Office in Dover.

(3) Joyner's response is without merit. "Time is a jurisdictional requirement."[FN5] The Clerk of this Court, or a Deputy Clerk in any county, must receive a notice of appeal within the applicable time period.[FN6] Filing with the Superior Court Prothonotary within the applicable time period does not constitute compliance with the jurisdictional requirement governing this Court.[FN7]

> FN5.*Carr v. State,* 554 A.2d 778, 779 (Del.1989).

> FN6. Del.Supr. Ct. R. 6(a), 10(a).

> FN7.*E.g., Smith v. State,* 2002 WL 31109924 (Del.Supr.) (dismissing untimely notice of appeal that appellant initially filed in error with the Superior Court Prothonotary).

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Ex. B

925 A.2d 504
925 A.2d 504, 2007 WL 1301086 (Del.Supr.)
(Cite as: 925 A.2d 504, 925 A.2d 504 (Table))

Page 2

(4) Under Delaware law, the jurisdictional defect that was created by the untimely notice of appeal cannot be excused unless Joyner can demonstrate that the delay in filing is attributable to court-related personnel.[FN8] It does not appear that Joyner's case falls within the exception to the general rule that mandates the timely filing of a notice of appeal. Joyner has not demonstrated, and the record does not suggest, that court-related personnel are responsible for the untimely filing of his notice of appeal.

> FN8. See Riggs v. Riggs, 539 A.2d 163, 164 (Del.1988) (excusing untimely notice of appeal that appellant mistakenly filed with Family Court when actions of Family Court personnel in response to notice of appeal suggested to appellant that appeal was properly filed).

NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rules 6 and 29(b), that the appeal is DISMISSED.

Del.Supr.,2007.
Joyner v. State
925 A.2d 504, 2007 WL 1301086 (Del.Supr.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2007, I electronically filed the attached documents with the Clerk of Court using CM/ECF. I also hereby certify that on December 3, 2007, I mailed, by United States Postal Service, the same documents to the following non-registered participant:

Corrie Joyner
SBI # 00333767
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

                                          /s/ James T. Wakley
                                          Deputy Attorney General
                                          Department of Justice
                                          820 N. French Street
                                          Wilmington, DE 19801
                                          (302) 577-8500
                                          Del. Bar. ID No. 4612
                                          james.wakley@state.de.us

Date: December 3, 2007