IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CORRIE JOYNER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 07-494-SLR |
| ) | |
| PERRY PHELPS, Warden, ) | |
| and ATTORNEY GENERAL ) | |
| OF THE STATE OF ) | |
| DELAWARE, ) | |
| ) | |
| Respondents.[1] ) | |

Corrie Joyner.  Pro se petitioner.

James T. Wakley, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for respondents.

**MEMORANDUM OPINION**

June 6, 2008
Wilmington, Delaware

---

[1] Warden Perry Phelps assumed office in January 2008, replacing former Warden Thomas Carroll, an original party to this case.  See Fed. R. Civ. P. 25(d)(1).


ROBINSON, Judge

## I. INTRODUCTION

Currently before the court is petitioner Corrie Joyner's ("petitioner") application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (D.I. 1) For the reasons that follow, the court will dismiss petitioner's § 2254 application as time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

## II. FACTUAL AND PROCEDURAL BACKGROUND

In February 2003, a Delaware Superior Court jury convicted petitioner of first degree murder and possession of a firearm during the commission of a felony. On April 25, 2003, the Superior Court sentenced petitioner to life in prison for the murder conviction and three years for the firearm conviction. See State v. Joyner, 2006 WL 2270937 (Del. Super. Ct. Aug. 7, 2006). Petitioner's counsel filed a notice of appeal in May 2003, but petitioner moved, and was permitted, to represent himself on appeal shortly thereafter. See Joyner v. State, 2003 WL 22048220 (Del. Super. Ct. Aug. 6, 2003). Nevertheless, in September 2003, petitioner voluntarily moved to dismiss his appeal with prejudice. See (D.I. 14) The Delaware Supreme Court granted that motion and dismissed the appeal on September 26, 2003. See Joyner, 2003 WL 22048220, at *1 n.2.

In April 2006, petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). The Superior Court denied the Rule 61 motion on August 7, 2006. See Joyner, 2003 WL 22048220. Petitioner filed a notice of appeal on January 31, 2007, and the Delaware Supreme Court dismissed the appeal as untimely on May 4, 2007. Joyner v. State, 925 A.2d 504

(Table), 2007 WL 1301086 (Del. May 4, 2007).

Petitioner filed his undated § 2254 application in August 2007, asserting numerous ineffective assistance of counsel allegations. (D.I. 1) In its answer, the State contends that the court should dismiss the application in its entirety for being time-barred. (D.I. 10) The State alternatively argues that the application should be dismissed as procedurally barred. Id.

## III. DISCUSSION

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and it prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners. 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's § 2254 application, filed in August 2007, is subject to the one-year limitations period contained in § 2244(d)(1). See Lindh v. Murphy, 521 U.S. 320, 336

2

(1997). Because he does not allege, and the court does not discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D), the one-year period of limitations in this case began to run when petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final, and the one-year period begins to run, upon expiration of the time period allowed for seeking direct review. See Kapral v. United States, 166 F.3d 565, 575, 578 (3d Cir. 1999); Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999). However, if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final upon expiration of the ninety-day time period allowed for seeking certiorari review. See Kapral, 166 F.3d at 575, 578; Jones, 195 F.3d at 158.

Here, the Delaware Superior Court sentenced petitioner on April 25, 2003. Although petitioner timely filed a notice of appeal, he moved to voluntarily dismiss the appeal with prejudice. The Delaware Supreme Court granted the motion to dismiss on September 26, 2003. In these circumstances, the court concludes that petitioner's conviction became final on September 26, 2003. See, e.g., U.S. v. Sylvester, 2006 WL 695796, at *2-3 (M.D. Pa. Mar. 17, 2006)(explaining that a voluntary dismissal of an appeal renders a petition for a writ of certiorari unavailable and, thus, the judgment of conviction becomes final at the point of voluntary dismissal, not ninety-days later). Applying the one-year limitations period from this date, petitioner was required to file his

application by September 27, 2004.[2]  See Wilson v. Beard, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions).

Petitioner filed his habeas application on August 13, 2007, almost three years after the expiration of the limitations period.  Therefore, his habeas application is time-barred and should be dismissed, unless the time period can be statutorily or equitably tolled.  See Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999).  The court will discuss each doctrine in turn.

### B. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period.  See Swartz v. Meyers, 204 F.3d 417, 424-25 (3d Cir. 2000);  Price v. Taylor, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002).  In this case, petitioner filed his Rule 61 motion approximately one year and seven months after the expiration of AEDPA's limitations period.  Therefore, his Rule 61 motion has no statutory tolling effect.

### C. Equitable Tolling

The court may also toll AEDPA's limitations period for equitable reasons if the petitioner's case is "the rare situation where equitable tolling is demanded by sound

---

[2]The one-year limitations period actually expired on September 26, 2004, which fell on a Sunday.  Therefore, petitioner had until the end of the day on September 27, 2004 to comply with the limitations period.

4

legal principles as well as the interests of justice." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). The Third Circuit has identified three situations in which equitable tolling may be warranted:

> (1) where the defendant actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

Jones, 195 F.3d at 159; Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616 (3d Cir. 1998); Thomas v. Snyder, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001). However, equitable tolling is appropriate only if the petitioner demonstrates that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. Miller v. New Jersey State Dept. of Corrs., 145 F.3d 616, 618-19 (3d Cir. 1998); Schlueter v. Varner, 384 F.3d 69, 77 (3d Cir. 2004).

Petitioner does not allege that any extraordinary circumstances prevented him from timely filing the instant application. To the extent petitioner's late filing is the result of a mistake or miscalculation regarding the one-year filing period, such a mistake does not justify equitably tolling the limitations period. See Simpson v. Snyder, 2002 WL 1000094, at *3 (D. Del. May 14, 2002). Moreover, petitioner has failed to demonstrate the that he diligently pursued the claims for relief asserted in his petition. Accordingly, the court will dismiss petitioner's habeas application as time-barred.

**IV. CERTIFICATE OF APPEALABILITY**

When a district court issues a final order denying a § 2254 application, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local

Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

The court finds that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is time-barred. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

V. CONCLUSION

For the reasons stated, petitioner's application for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.